IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARTY J. MARTINS, | ) | CIV. NO. 06-00657 SOM-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING COMPLAINT FOR |
| | ) | FAILURE TO STATE A CLAIM |
| JOHN PEYTON, et al., | ) | PURSUANT TO 28 U.S.C. § 1915 |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM
PURSUANT TO 28 U.S.C. § 1915**

*Pro se* plaintiff Marty J. Martins, a Hawaii prisoner incarcerated at Red Rock Correctional Center, located in Eloy, Arizona, has filed this prisoner civil rights complaint pursuant to 42 U.S.C. § 1983.  Martins names John Peyton, former Director of the Hawaii Department of Public Safety ("DPS"), Clayton Frank,[1] former warden of the Oahu Community Correctional Center ("OCCC"), and John Doe, as Defendants in their official and individual capacities.

The court has now screened the Complaint pursuant to 28 U.S.C. § 1915, and dismisses it for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(a) & 1915(e)(2)(B)(I) & (ii).

**BACKGROUND**

Martins was confined at OCCC, beginning in April 2000, for seven months while awaiting trial for assault.  He alleges

---

[1] Martins incorrectly spells Mr. Frank's name as "Clayden."

that, after he was acquitted by the state court in November 2000, he was strip searched and wrongfully detained at OCCC for three days before being released.  He claims that Defendants did this intentionally for financial gain.  Martins also alleges that Defendants discriminated against him and others on the basis of their "social and economic status, employment status, mental disability, homelessness, arrest record[,] alcoholis[]m and substance abuse," in addition to their race.  (Compl. 3.)

Martins alleges that, upon his release, he reported Defendants' alleged illegal conduct to the Office of the Ombudsman and also sought help from the American Civil Liberties Union ("ACLU").  He says that he convinced the ACLU to institute a class action in federal court, *Tapaoan, et al. v. Hawaii*, Civil No. 01-00815 DAE, in response to his report, and that he was the original plaintiff in this suit.  He states, however, that he "vacated my position as [lead] plaintiff due to feelings that the Hawaii A.C.L.U. would not work to expose the discrimination and the intent that I believed the [DPS] had engaged in and to win substantial enough awards or settlements to properly punish the state in relation to the seriousness of the [offenses] and to adequately compensate the vict[i]ms."  (Compl. 3.)

Martins alleges that Defendants' conduct violated, *inter alia*, his rights to due process and equal protection guaranteed by the Fourteenth Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment.  He

seeks compensatory and punitive damages, declaratory relief, and attorney's fees and costs.

## LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

The court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001). "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Unless it is absolutely clear that no amendment can cure the defect . . . , a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Martins's Complaint fails to state a viable claim under § 1983 for the following reasons.

I.   The Complaint Appears Barred by the Statute of Limitation.

Section 1983 plaintiffs must satisfy the forum state's statute of limitation for personal-injury torts. *Owens v. Okure*, 488 U.S. 235, 420-41 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). The statute of limitation applicable to § 1983 actions in Hawaii is Haw. Rev. Stat. § 657-7, the two-year "general personal injury" provision. *See Pele Defense Fund v. William Paty,* 73 Haw 578, 597-98, 837 P.2d 1247, 1260 (1992). When not inconsistent with federal law, the law of the forum state also applies regarding tolling. *See Hardin v. Straub*, 490 U.S. 536, 537-39, 543 (1989); *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). However, federal law controls the question of when a claim accrues. *Johnson v. State of Cal.*, 207 F.3d 650, 653 (9th Cir. 2000); *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). Under federal law, a cause of action generally accrues when the plaintiff knows or has reason to know of the injury that forms the basis of his or her action. *Two*

*Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  The district court may raise the issue of statute of limitation *sua sponte* and dismiss the complaint as long as the defendant has not waived the issue.  *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993).

Martins explicitly admits that he knew of the alleged violation of his rights in November 2000, when he was allegedly detained for three days at OCCC after his acquittal.  Martins says that, upon his release, he immediately began pursuing vindication of his rights by contacting the Office of the Ombudsman, and then the ACLU.  Thus, it appears that Martins's claims accrued no later than November 2000, when he was allegedly illegally detained at the prison and when he says he began seeking redress.  He was, therefore, required to initiate a § 1983 action no later than November 2002 to comply with the statute of limitation.

Martins also claims that he was the original plaintiff in the class action lawsuit instituted by the ACLU on December 10, 2001, on behalf of himself and other inmates who were illegally detained beyond the date of their sentences.[2]  *See Tapaoan v. Sakai*, Civ. No. 01-00815.  Taking his allegations in

---

[2]The record reflects that the original defendants in *Tapaoan* were Gregory Tapaoan, Michael Mars, and Pedro Riberio.  *See Tapaoan*, Civ. No. 01-00815, Docket No. 1, Complaint.  Plaintiffs John L. Levan, Floyd Sylvester, Leo T. Toilolo, Jose Bacdad, and George Rabago were added later.  *See* Docket Nos. 3, 60, & 73. Martins was not a named plaintiff at any time during the pendency of *Tapaoan*.

the light most favorable to him and giving him every benefit of
the doubt, Martins was certainly aware, by at least December 10,
2001, of his claims and the need to take legal action on them.
*See Leorna v. U.S. Dep't of State*, 105 F.3d 548, 551 (9th Cir.
1997) (stating that "once a claimant retains counsel, tolling
ceases because she has gained the means of knowledge of her
rights and can be charged with constructive knowledge of the
law's requirements") (internal citations omitted).

According to Martins, he voluntarily withdrew his
support for the ACLU's action because he did not believe that the
ACLU would protect all of his rights or secure the settlement
amount he believed he was entitled to. (*See* Compl. 3.)   The
court notes, however, that Martins was never a party to that
action, which has now settled.   The court takes judicial notice
of the case file, documents, and docket in *Tapaoan* and notes that
they do reveal that Martins communicated with the court numerous
times in that action, beginning in November 2005, by attempting
to file motions, documents, requests, and letters in the case.[3]

_____

[3]*See Tapaoan*, Civ. No. 01-00815, Docket Nos.: (1) 149,
11/16/2005 Minute Order re: 11/01/2005 Martins Letter (court
construed Martins's letter as an attempt to file a claim under
the Tapaoan settlement agreement and forwarded the letter to the
Claims Administrator, Elbridge Smith, Esq., and notified Martins
that further inquiries should be addressed to the Claims
Administrator); (2) 150, 01/27/2006 Letter to Martins from
Magistrate Judge Leslie E. Kobayashi (informing Martins that
future correspondence would be returned to him); (3) 152,
02/16/2006 Martins Motion for Subpoena; (4) 153, 02/16/2006
Martins Letter; (5) 158, 03/07/2006 Minute Order (denying
Martins's Motion and informing him that the deadline to file
claims in the case had been extended until June 6, 2006); (6)
161, 03/10/2006 Martins Letter (claiming to be a plaintiff in

Moreover, in both his Complaint in this case and in the letter to the "Honorable Presiding Judge" submitted with the Complaint, Martins directs the court to the many other letters he has written to the court, independent of the *Tapaoan* suit, beginning in January 2005. (*See* Compl. 4; 11/28/2006 Letter.) The court takes judicial notice of the court's own public records of correspondence and notes that these letters reveal that Martins was seeking advice on how to initiate a suit concerning his present claims, and specifically requesting advice on the statute of limitation and how it might apply to his case. This occurred more than a year and a half before he initiated this action.[4] The letters clearly show that Martins was already aware of and concerned about the possibility that his claims might be time-barred in 2005. While court personnel did not give him legal advice, Martins was sent copies of the court's prisoner

---

*Tapaoan*, and complaining that he had not received notice that his motion for subpoena had been received); (7) 164, 03/29/2006 Letter from Pro Se Staff Attorney to Martins (notifying him again not to file motions, documents, or letters in the action); and (8) 168, 06/19/2006 Minute Order (warning Martins again that he was neither a party nor a claimant and could not file motions or other documents in the case).

[4] Martins sent letters to the court on January 11, 2005, February 4, 2005, July 8 and 20, 2005, August 29, 2005, March 8, 2006, and November 7, 2006. In each instance, he requested information on how to file a civil rights complaint. In some letters he complained that he was unable to find an attorney to represent him and sought appointment of counsel, although he had not yet filed an action. In others, he sought advice on the statute of limitation, on how many claims he could include in one complaint, and various other issues. Each letter was answered as completely as possible, with the notification that court personnel could not give him legal advice.

civil rights and habeas corpus forms and directed to review the Federal Rules of Civil Procedure.

In the letter to the "Honorable Presiding Judge," submitted with Martins's Complaint, he discusses his involvement in the *Tapaoan* case and requests that the court not reject his case on statute of limitation grounds because he believes that "the clock should not have begun to run against [him] until after [he] had exhausted other possible remedies or 'opted out' of the [Tapaoan] case . . . ." (Docket No. 4, 11/28/2006 Martins letter.)  Martins does not explain what measures he took in the last six years to "exhaust" his claims that would serve to toll the statute of limitation for him, or address the fact that he admittedly "opted out" of the *Tapaoan* class action in 2001 before it was even filed and took no measures later to become a claimant, despite notification from the court.  Martins appears to argue that the statute of limitation should be equitably or otherwise tolled in his case due to "mitigating circumstances which have caused delays in the submission as are related within my previous letters." *Id.*

First, the court notes that Martins is not entitled to statutory tolling under Hawaii law.  While Haw. Rev. Stat. § 657-13 tolls the statute of limitation for those who are incarcerated, it does not toll suits against the sheriff or police.  *See* Haw. Rev. Stat. § 657-13.  Martins's suit is brought against DPS officials, who are entitled to the same immunities and privileges as the sheriff or police, and he is therefore not

entitled to tolling of the statute due to his incarceration. Haw. Rev. Stat. § 26-14.6(f).[5]

Second, a liberal reading of all of the allegations, statements, and claims in Martins's Complaint and in the letter accompanying the Complaint shows that Martins is not entitled to equitable tolling of the statute of limitation.  As with the statute of limitation and the statutory tolling provisions, Hawaii law applies regarding equitable tolling for actions under § 1983.  *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

In Hawaii, the application of equitable tolling has arisen, for the most part, in the insurance context, when a statute of limitations was tolled from the time a claim for benefits was filed.  *See Wright v. State Farm Mut. Auto. Ins. Co.*, 949 P.2d 197, 202, 86 Hawai'i 357, 362, (Haw. App. 1997). The Hawaii Supreme Court has, however, recently discussed the federal equitable tolling doctrine with approval, stating that, "to toll a statute of limitations for a complaint filed after its expiration, a plaintiff must demonstrate '(1) that he . . . has been pursuing his right diligently, and (2) that some extraordinary circumstance stood in his way.'"  *Office of Hawaiian Affairs v. State*, 133 P.3d 767, 789 (Haw. 2006) (*quoting Felter v. Norton*, 412 F. Supp.2d 118, 126 (D.D.C. 2006) (further

---

[5] Section 26-14.6(f) states that the "functions, authority, and obligations, . . . and the privileges and immunities conferred thereby, exercised by a 'sheriff' . . . shall be exercised to the same extent by the department of public safety."

citations omitted)).  The supreme court defined extraordinary circumstances as "circumstances that are beyond the control of the complainant and make it impossible to file a complaint within the statute of limitations."  *Id.*  Equitable relief is not available in Hawaii when a plaintiff fails to exercise "due diligence" in pursuing a claim.  *Hays v. City & County of Honolulu*, 917 P.2d 718, 725, 81 Hawai'i 391, 398 (Haw. 1996).

Martins's own statements make clear that he was well aware of his claims in November 2000.  He states that he consulted with Brian White, Esq., of the ACLU, regarding his claims in 2000, and that he was responsible for convincing the ACLU to initiate a lawsuit on his allegations.  He then admittedly declined to become a party to the *Tapaoan* action in 2001 because he believed he could do better vindicating his rights and securing a settlement on his own.  Even after he was informed by the court in 2005 that the date for making a claim in the *Tapaoan* action had been extended until June 2006, he declined to submit a claim in that action.  He began writing to the court regarding his claims in 2005, questioning, among other things, how the statute of limitation would affect his claims should he decide to file a complaint.  Despite this, and while he continued to write long, detailed letters the court, he waited more than a year to file this action.  Martins points to no "extraordinary circumstances" that prevented his filing a complaint, and his own statements in the Complaint show that he did not act with due diligence in pursuing his claims.  Rather, the facts show that

10

Martins was dilatory to the point of willful inaction.  Under these circumstances it is simply unreasonable for Martins to argue that he had neither actual nor constructive notice of his claims such that he could not file an action within the statute of limitation period.

It is clear from his Complaint that Martins's claims are barred by the statute of limitation and that he is not entitled to equitable or other tolling.  His Complaint is DISMISSED for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  Since it may be possible for Martins to amend his Complaint to cure this deficiency, Martins is granted thirty days to amend his Complaint, until **January 14, 2006.**

## II.   Defendants Are Immune from Suit for Damages in Their Official Capacities.

In the event that Martins decides to amend his Complaint, he is notified that the Eleventh Amendment bars damage actions against state officials in their official capacities. *See Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).  The Eleventh Amendment "bars suits against a state or its agencies, regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity." *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005) (quoting *Yakama Indian Nation v. State of Wash. Dep't of Revenue,* 176 F.3d 1241, 1245 (9th Cir. 1999)); *see also Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 267-68 (1997).  Unless a state unequivocally

waives sovereign immunity or Congress has acted to override that immunity, the state, its agencies, and its officials are immune from suit. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).

Furthermore, state officials sued in their official capacity for damages are not "persons" for purposes of § 1983. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997); *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will*, 491 U.S. at 71.

The State of Hawaii has not unequivocally waived its sovereign immunity, nor are Defendants persons within the meaning of § 1983 in their official capacities. This court lacks jurisdiction over any claims for damages against Defendants in their official capacity and these claims are DISMISSED.[6]

While Martins has been given leave to amend his Complaint, the Eleventh Amendment is not a bar that may be cured by the filing of an amended complaint. If Martins chooses to amend his Complaint, he may not reassert claims dismissed here as

---

[6] Of course, Eleventh Amendment immunity does not bar *all* claims against state officials sued in their official capacities, and it does not bar claims against state officials sued in their individual capacities. State officials acting in their official capacities may still be sued in federal court for prospective injunctive relief sought in connection with alleged violations of federal law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984); *Lawrence Livermore Nat'l Lab.*, 131 F.3d at 839. Martins, however, is not seeking prospective injunctive relief, and, because he has been transferred to Arizona, any claims for such relief would be moot. *See Dilley v Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995)

barred by the Eleventh Amendment.  That is, he may not reassert damage claims against Defendants in their official capacities.

III. <u>Martins Has Failed to Pay the Costs for this Suit.</u>

Martins has neither paid the $350.00 filing fee for commencing this action, nor submitted an *in forma pauperis* application.  In the letter accompanying his Complaint he states that he has "$11,000- but hope to be released on the overturn of my wrongfull (sic) conviction and need some of my money to survive on."  If, as he says, he has $11,000 while in prison, he would not be entitled to *in forma pauperis* status.

Parties filing actions in the United States district court are required to pay filing fees.  *See* 28 U.S.C. § 1914(a). An action may proceed without the payment of filing fees only upon granting of *in forma pauperis* status.  *See* 28 U.S.C. § 1915. Martins is hereby ORDERED to either pay the $350.00 filing fee, or to submit an *in forma pauperis* application.  If his *in forma pauperis* application is denied he will be required to pay the filing fee or risk dismissal of his action on this basis as well as those discussed above.  *See* 28 U.S.C. § 1914(a); *see also*, *In re Perroton*, 958 F.2d 889 (9th Cir. 1992) (affirming dismissal of appeal of pro se litigant for failure to pay required filing fees).  Failure to pay the statutory filing fee within THIRTY DAYS of this order will result in AUTOMATIC DISMISSAL of this action.  *See Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (district court has authority to dismiss without prejudice

prisoner complaint for failure to pay partial filing fee); *In re Perroton*, 958 F.2d 889 (9th Cir. 1992) (affirming dismissal of appeal of pro se litigant for failure to pay required filing fees).

IV.  Martins' Current Address.

Martins also submitted a letter to the Office of the Clerk with his Complaint.  He states that he has been notified that he is being transferred from Red Rock Correctional Center, but is uncertain where he will be sent.  He asks the court to inquire with DPS where he will be transferred, and to then send copies of his Complaint and letters, and presumably any orders or other correspondence from the court, to his new location.  He also asks the court to send a copy of the Complaint to each Defendant.

While it is Martins's responsibility to notify the court of his current address, the court has determined that Martins is no longer incarcerated at Red Rock Correctional Center, but has been moved to the Kauai Community Correctional Center, located in Lihue, Hawaii.  The Clerk is DIRECTED to send a copy of this Order, and any further correspondence from the court, to Martins there.  Martins is notified, however, that the court will not send copies of the Complaint to Defendants; service of the Complaint is Martins's responsibility unless and until he has been granted *in forma pauperis* status.

14

**CONCLUSION**

1.   Martins' Complaint is DISMISSED as time-barred.   Claims for damages against Defendants in their official capacities are also DISMISSED on Eleventh Amendment grounds.   Because it is possible that Martins may be able to allege facts sufficient to amend his claims, he is granted **thirty days within which to file an amended complaint**, **until January 14, 2007**, in accordance with the directions in this order, if possible.   Failure to file an amended complaint by January 14, 2007, will result in AUTOMATIC DISMISSAL of this action for FAILURE TO STATE A CLAIM, pursuant to 28 U.S.C. § 1915A(b)(1) & § 1915(e)(2)(B).

2.   Martins is notified that failure to adequately amend the Complaint by **January 14, 2007**, shall count as a strike pursuant to 28 U.S.C. § 1915(g).

3.   Martins is also ORDERED to either pay the $350.00 filing fee or submit a sufficient *in forma pauperis* application by **January 14, 2007.**   Failure to do so will result in AUTOMATIC DISMISSAL for failure to prosecute this action.

4.   If Martins decides to amend the Complaint in accordance with this order, the amended complaint must "reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference."   Local Rule LR10.3.   The document must bear the docket number assigned this case and must be clearly labeled "Amended Complaint."

5.   The Clerk is DIRECTED to send a copy of this order,

a prisoner civil rights complaint form, and *in forma pauperis* application to Martins at the Kauai Community Correctional Center, 5350 Kuhio Highway, Lihue, Hawaii, 96766.  The Clerk is further DIRECTED to forward a copy of this order to the Department of Public Safety's designee Thomas Read at 919 Ala Moana Blvd., Honolulu, Hawaii, 96814.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; December 14, 2006.



_Susan Oki Mollway_
Susan Oki Mollway
United States District Judge

MARTINS v. PEYTON, et al., CV 06-00657 SOM-LEK; ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915; dmp/Screening Orders 06/Martins, M. 06-657 (Dsm C, no $, SOL)